**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. _____—Civ

PHAWA, LLC,
a Florida limited liability company,

      Plaintiff,

vs.

MARJABA IMPORT & EXPORT CORP.,
a Florida corporation,

      Defendant.

_____/

## COMPLAINT

The Plaintiff, PHAWA, LLC, by and through the undersigned counsel, hereby files this action against the Defendant, MARJABA IMPORT & EXPORT CORP., and in support thereof states as follows:

### JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this civil action as presenting a federal question pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under 7 U.S.C. § 499(b)(4) of the Perishable Agricultural Commodities Act ("PACA").

2.     This Court has supplemental jurisdiction over the Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a) as they are related to the Plaintiff's PACA claim and form part of the same case or controversy.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events and omissions giving rise to the Plaintiff's claims occurred in this

District; in addition, the Defendant does business and has its principal place of business in this District.

## PARTIES

4.      The Plaintiff, PHAWA, LLC ("Phawa"), is a limited liability company organized under the laws of Florida with its principal place of business located in Osceola County, Florida.

5.      Phawa is a "dealer" pursuant to 7 U.S.C. § 499(a)(6) as it is engaged in the business of buying and selling wholesale or jobbing quantities of perishable agricultural commodities, in particular avocados, in interstate and foreign commerce in excess of 2,000 pounds or more in weight in any given day, and has secured a valid license[1] issued by the United States Department of Agriculture pursuant to 7 U.S.C. § 499(c).

6.      The Defendant, MARJABA IMPORT & EXPORT CORP. ("Marjaba"), is a corporation incorporated under the laws of Florida with its principal place of business currently in Broward County, Florida, and at the time of all events alleged herein, in Miami-Dade County, Florida.

7.      Marjaba is a "dealer" pursuant to 7 U.S.C. § 499(a)(6) as it is engaged in the business of buying and selling wholesale or jobbing quantities of perishable agricultural commodities in interstate and foreign commerce in excess of 2,000 pounds or more in weight in any given day shipped, received, or contracted to be shipped or received, and has secured a valid license[2] issued by the United States Department of Agriculture pursuant to 7 U.S.C. § 499(c).

## GENERAL ALLEGATIONS

8.      This is an action to enforce violations of PACA and Florida state-law.

---

[1] License No. 20190963 issued on July 19, 2019.
[2] License No. 20190800 issued on June 8, 2019.

9.      In the months of January and February 2021, Marjaba ordered from Phawa and Phawa sold and delivered to Marjaba roughly 80 tons of avocados, collectively worth $185,943.00, that moved through the stream of foreign and interstate commerce from Mexico to Texas to New York.

10.      Marjaba inspected, received, and accepted the avocados so ordered and sold to it by Phawa, even coordinating the shipments from Texas to New York.

11.      These transactions were memorialized in writing through Marjaba's purchase orders and Phawa's invoices (the "Sales Agreement"), which remain largely unpaid and are at least four months past due, to wit:

| Invoice | Purchase Order | Balance | Due Date | Number of Days since Due Date |
|---------|----------------|---------|----------|-------------------------------|
| Invoice 002-21 | 1012 | $1,440.00 | 01/25/2021 | 142 days |
| Invoice 003-21 | 1014 | $48,560.00 | 01/29/2021 | 138 days |
| Invoice 006-21 | 1016 | $43,116.50 | 02/09/2021 | 127 days |

A true and correct copy of the Invoices and Purchase Orders is attached hereto as **Composite Exhibit A**.

12.      Phawa's invoices stated in writing that its payment terms were net 10 days for Invoice 003-21 and net 15 days for Invoice 002-21 and 006-21; not once did Marjaba object to any terms of the invoices nor claim that the invoices did not accurately reflect the sales agreement between Phawa and Marjaba.

13.      On the contrary, after issuing a series of partial payments in the aggregate amount of $92,826.50 in the month of January 2021 pursuant to the Sales Agreement, Marjaba admitted in an e-mail dated February 1, 2021, that it was behind on payment, that it needed just a few more days of "credit," and that it was going to settle the debt.

14.    The next day, Phawa responded favorably to Marjaba's request for more time to pay its bill, to which Marjaba on February 18, 2021, responded by thanking Phawa for its cooperation and, importantly, advised Phawa that they would send a proposed payment plan the next day.

15.    At this point, still, not once did Marjaba complain to Phawa or object to its receipt of the avocados purchased, nor did Marjaba reject the avocados on the basis of their quality or condition.

16.    The invoices reflect a total amount due and owing by Marjaba in the amount of $93,116.50, which represents the unpaid price of the avocados purchased by Marjaba (excluding interest and costs).

17.    Phawa in good faith attempted to come to an amicable agreement with Marjaba regarding non-payment of the avocados, and even considered a payment plan, but alas, Marjaba instead chose to ignore Phawa, keep the avocados, and disregard its payment obligations pursuant to the Sales Agreement.

18.    The avocados ordered, sold, and delivered to Marjaba constitute perishable agricultural commodities as defined by PACA because the avocados sold were fresh fruit.

19.    Phawa has performed all obligations related to its sale of avocados to Marjaba and all conditions precedent to the commencement of this action have occurred, been excused, or been waived.

<u>**COUNT I**</u>
<u>**PACA VIOLATION: FAILURE TO PAY PROMPTLY IN FULL**</u>

20.    Phawa hereby re-alleges and incorporates by reference paragraphs 1-19 as is fully set forth herein.

21.     Pursuant to 7 U.S.C. § 499(b)(4), "it shall be unlawful in or in connection with any transaction in interstate or foreign commerce…to fail or refuse truly and correctly to account and make full payment promptly in respect of any transaction in any such commodity to the person with whom such transaction is had."

22.     Therefore, PACA requires dealers to make full payment promptly for any commodities purchased.

23.     Marjaba is a dealer that has failed to promptly pay Phawa $93,116.50 for the avocados ordered, sold, and delivered to Marjaba.

24.     This amount is past due at least 127 days, which is well past the net 10 days and net 15 days provided for in the Invoices.

25.     As a direct and proximate result of Defendant Marjaba's unlawful conduct in failing to promptly pay Plaintiff Phawa, Plaintiff has suffered damages which have accrued and are continuing to accrue.

**WHEREFORE**, the Plaintiff, PHAWA, LLC, respectfully demands judgment against Defendant, MARJABA IMPORT & EXPORT CORP., for actual damages of $93,116.50, plus prejudgment and post-judgment interest, costs of suit, and for any other relief deemed just and proper.

## COUNT II
## BREACH OF CONTRACT

26.     Plaintiff hereby re-alleges and incorporates by reference paragraphs 1-19 as is fully set forth herein.

27.     Phawa and Marjaba had a valid agreement as evidenced by the purchase orders, invoices, release and shipment of the avocados, and partial payment.

28.     Specifically, Marjaba offered to purchase the avocados from Phawa by sending to Phawa three separate purchase orders.

29.     Phawa accepted Marjaba's offer and released the avocados to Marjaba for shipment, which constituted a benefit to Marjaba as the goods were not fully paid for and were presumably resold or contracted to be resold to Marjaba's clients.

30.     This bargained for agreement constitutes the certain and definitive proposition that was offered and accepted by the parties.

31.     However, Marjaba breached its obligations under the sales agreement by failing to fully pay for the total amount of avocados ordered, which totaled $185,943.00.

32.     Instead, Marjaba only paid $92,826.50 of this amount, and still owes another $93,116.50, which is at least 127 days past due and is the amount reflected in the Sales Agreement.

33.     Phawa has at all times performed the terms of the contract in the manner specified in the contract, i.e. by making the avocados available to Marjaba so the same could coordinate shipment from Texas to New York.

34.     As a direct and proximate result of Defendant Marjaba's failure to pay and refusal to perform its obligations under the contract, Plaintiff Phawa has suffered damages which have accrued and are continuing to accrue.

**WHEREFORE**, the Plaintiff, PHAWA, LLC, respectfully demands judgment against Defendant, MARJABA IMPORT & EXPORT CORP., for actual damages of $93,116.50, plus prejudgment and post-judgment interest, costs of suit, and for any other relief deemed just and proper.

### COUNT III – QUANTUM MERUIT

35.     Plaintiff hereby re-alleges and incorporates by reference paragraphs 1-19 as is fully set forth herein.

36.     In the event that an express contract cannot be proven, Phawa alleges that an implied contract exists upon which the Plaintiff performed and the Defendant agreed to pay, and thus alleges Quantum Meruit in the alternative.

37.     First, Phawa provided a benefit to Marjaba by providing it with $185,943.00 worth of fresh avocados.

38.     Second, Marjaba assented to and received a benefit from the shipment of the avocados so ordered when Marjaba ordered, retrieved, and accepted the avocados without paying the full cost of the goods.

39.     Marjaba was fully aware that Phawa expected to be compensated for the purchase and sale of the avocados in full, as evidenced by the Sales Agreement, the parties' intent that PACA apply to the transaction, and the commercial relationship between both.

40.     Lastly, a reasonable person in Marjaba's position would expect to pay reasonable compensation for approximately 80 tons of avocados.  Likewise, a reasonable person in Phawa's position would expect to receive reasonable compensation for making the goods available for delivery as ordered, especially when Marjaba presumably resold or contracted to resell to the same.

41.     As a direct and proximate result of these breaches, the Plaintiff has suffered damages which have accrued and are continuing to accrue.

**WHEREFORE**, the Plaintiff, PHAWA, LLC, respectfully demands judgment against Defendant, MARJABA IMPORT & EXPORT CORP., for actual damages of $93,116.50, plus

prejudgment and post-judgment interest, costs of suit, and for any other relief deemed just and proper.

## COUNT IV – UNJUST ENRICHMENT

42.     Plaintiff hereby re-alleges and incorporates by reference paragraphs 1-19 as if fully set forth herein.

43.     In the event that the Phawa does not prevail on its legal remedies, such as its PACA claim, Breach of Contract claim, or Quantum Meruit claim, the Plaintiff will lack an adequate remedy at law, and thus alleges Unjust Enrichment in the alternative.

44.     Accordingly, it would be inequitable for Marjaba to retain the benefit of the avocados without paying Plaintiff the value of the same.

45.     In addition, Marjaba voluntarily accepted and retained the benefit Phawa conferred to the Defendant; after all, Marjaba received and retained the avocados it ordered pursuant to the agreement, presumably for resale, but failed to pay Phawa fully for the same.

46.     Under the circumstances, it would be inequitable to allow Marjaba to retain the benefit of keeping 80 tons of avocados without paying the value thereof.

47.     As a direct and proximate result of these breaches, Plaintiff has suffered damages which have accrued and are continuing to accrue.

**WHEREFORE**, the Plaintiff, PHAWA, LLC, respectfully demands judgment against Defendant, MARJABA IMPORT & EXPORT CORP., for actual damages of $93,116.50, plus prejudgment and post-judgment interest, costs of suit, and for any other relief deemed just and proper.

DATED: June 16, 2021

Respectfully submitted,

*/s/ Ronald C. Iacone Jr.*
Ronald C. Iacone Jr., Esq.
Florida Bar No. 115493
ron@iaconelaw.com
pleadings@iaconelaw.com
Iacone Law, P.A.
2100 Ponce de Leon Blvd., Suite 760
Coral Gables, FL 33134
Tel: 1.786.773.2045
Fax: 1.786.773.2046
Attorney for Plaintiff

JS 44  (Rev. 10/20) FLSD Revised 02/12/2021

**CIVIL COVER SHEET**

Save As...    Print    Reset

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
PHAWA, LLC, a Florida limited liability company

### DEFENDANTS
MARJABA IMPORT & EXPORT CORP., a Florida corporation

**(b)** County of Residence of First Listed Plaintiff  Osceola
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Broward
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ronald C. Iacone Jr., Esq., Iacone Law, P.A., 2100 Ponce de Leon Blvd., Suite 760, Coral Gables, FL 33134, 1.786.773.2045

Attorneys *(If Known)*
Christopher J. Malafis, Esq., The Malafis Firm, P.A., 1000 Chase Hammock Rd., Merritt Island, FL 32953, 1.786.625.2347

**(d)** Check County Where Action Arose: ■ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

■ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | | Injury Product Liability | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excl. Veterans) | ☐ 345 Marine Product | | ■ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability | **PERSONAL PROPERTY** | **LABOR** / **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act / ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ■ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations / ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act / ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 751 Family and Medical Leave Act / ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | **IMMIGRATION** | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

■ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed (See VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district *(specify)*   ☐ 6 Multidistrict Litigation Transfer   ☐ 7 Appeal to District Judge from Magistrate Judgment   ☐ 8 Multidistrict Litigation – Direct File   ☐ 9 Remanded from Appellate Court

### VI. RELATED/ RE-FILED CASE(S)
*(See instructions):* a) Re-filed Case ☐YES ☒ NO    b) Related Cases ☐YES ■ NO
JUDGE:                    DOCKET NUMBER:

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*: Action for PACA Violation under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499(a), et seq.
LENGTH OF TRIAL via ____ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    DEMAND $ 93,116.50    CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ■ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE  June 16, 2021
SIGNATURE OF ATTORNEY OF RECORD  /s/ Ronald C. Iacone Jr., Esq.

FOR OFFICE USE ONLY : RECEIPT #          AMOUNT          IFP          JUDGE          MAG JUDGE

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| Southern District of Florida |
|---|

PHAWA, LLC, a Florida limited liability company )
)
)
)
*Plaintiff(s)* )
)
v. )  Civil Action No.
Marjaba Import & Export Corp., a Florida Corporation )
)
)
)
)
*Defendant(s)* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Marjaba Import & Export Corp.
c/o Taxes USA LLC
Registered Agent
11402 NW 41st Street
Suite 211
Doral, FL 33178

        A lawsuit has been filed against you.

        Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are: Iacone Law, P.A.
Ronald C. Iacone Jr., Esq.
2100 Ponce de Leon Blvd., Suite 760
Coral Gables, FL 33134
ron@iaconelaw.com
pleadings@iaconelaw.com

        If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

                                                                        *CLERK OF COURT*

Date: _____                    _____
                                                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:



Print          Save As...                    Reset