UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22208-CV-ALTMAN
MAGISTRATE JUDGE REID

PHAWA, LLC,
*a Florida Limited Liability Company*,

 Plaintiff,

v.

MARJABA IMPORT & EXPORT CORP.,
*a Florida Corporation*,

 Defendants.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT

 This matter is before the Court on Plaintiff Phawa, LLC's Motion for Final Default Judgment against Defendant Marjaba Import & Export Corporation ("Motion") pursuant to Fed. R. Civ. P. 55(b) and S.D. Fla. Loc. R. 7.1(a)(1)(E). [ECF No. 13]. This cause has been referred to the Undersigned for a Report and Recommendation. [ECF No. 14]. Upon consideration of the Motion, the pleadings, and for the reasons set forth below, Plaintiff's Motion should be granted.

### I. Background

 Phawa, LLC ("Phawa") brings claims against Marjaba Import & Export Corp. ("Marjaba") under 7 U.S.C. § 499(b)(4) of the Perishable Agricultural Commodities Act ("PACA") for failure to pay promptly in full (Count I) and Breach of Contract (Count II), and in the alternative, Quantum Meruit (Count III) and Unjust Enrichment (Count IV). *See* [ECF No. 1]. Attached to the Complaint are copies of Invoices 002-21, 003-21, and 006-21, and Purchase Orders reflecting that Marjaba owes Phawa a total amount of $93,116.50. [ECF No. 1-1].

1

On June 17, 2021, Defendant was served with a copy of the Summons and Complaint [ECF No. 5] and was required to file a responsive pleading by July 8, 2021. *See* Fed. R. Civ. P. 12. Defendant failed to respond to the Complaint or appear in this action. Plaintiff then filed a motion for entry of clerk's default [ECF No. 10], and the Clerk of Court entered a default against Marjaba [ECF No. 11].

Phawa now requests that the Court enter a Final Default Judgment against Defendant in the liquidated amount of $93,116.50, award costs in the amount of $464.50, and for the Court to reserve jurisdiction to enter taxable costs, if necessary, pursuant to S.D. Fla. Loc. R. 7.3. [ECF No. 13 at 3]. To date, Marjaba has not appeared, filed any pleadings in this case, nor has it taken any action whatsoever.

## II. Applicable Law

Rule 55 of the Federal Rules of Civil Procedure outlines when a default judgment is appropriate, and states in relevant part, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). When a defendant defaults it is "deemed to admit the plaintiff's well-pleaded allegations of fact, [but] is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015). To warrant a default judgment, the facts alleged in the pleadings must provide a sufficient basis for judgment. *Id.* (quoting *Nishimatsu Const. Co., Ltd. V. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The sufficiency standard is that "necessary to survive a motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245 (citations omitted).

### III. Discussion

Phawa asserts jurisdiction under PACA, 7 U.S.C. § 499(b)(4), and supplemental jurisdiction over state claims. [ECF No. 1 ¶ 2]. Plaintiff, however, appears to solely seek a default judgment as to Counts I and II. *See* [ECF No. 13]. Attached to the Motion is an affidavit by Gloria Jimenez, company representative for Phawa, outlining the calculation of damages and costs. [ECF No. 13-1].

A) Count I (PACA Violation)

The first cause of action is for a PACA Violation (Count I), alleging that Marjaba failed to pay promptly in full for the purchase of avocados from Phawa. *See* [ECF Nos. 1; 13]. Under PACA, 7 U.S.C. § 499(b)(4), "it shall be unlawful in or in connection with any transaction in interstate or foreign commerce . . . [for any] dealer . . . to fail or refuse to truly and correctly account and make full payment promptly in respect of any transaction in any such commodity to the person with whom such transaction is had." *See* [ECF No. 1 ¶ 21].

As alleged in the Complaint, Phawa and Marjaba are "dealers" pursuant to 7 U.S.C. § 499(a)(6) because "they are in the business of buying and selling wholesale or jobbing quantities of perishable agricultural commodities in interstate and foreign commerce in excess of 2,000 pounds . . . in any given day . . . and both have secured valid licenses issued by the United States Department of Agriculture pursuant to 7 U.S.C. § 499(c)." [*Id*. ¶ 7]. According to Phawa, in January and February 2021, Marjaba ordered and received from Phawa approximately "80 tons of avocados, . . . worth $185,943.00, that moved through the stream of foreign and interstate commerce from Mexico to Texas to New York." [*Id*. ¶ 9]. However, Marjaba failed to pay promptly in full, and instead has only paid $92,826.50. Marjaba still owes Phawa a balance of $93,116.50. [*Id*. ¶ 10].

B) <u>Breach of Contract (Count II)</u>

The second cause of action, Breach of Contract (Count II), alleges that Marjaba breached its contract with Phawa by failing to pay the full purchase price. *See* [ECF No. 1 ¶¶ 27-34]. Under Florida law, the elements of a breach of contract claim are (1) a valid contract, (2) a material breach, and (3) damages. *Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256, 1272 (11th Cir. 2009) (citation omitted)). "To prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Id*. (citing *St. Joe Corp. v. McIver,* 875 So.2d 375, 381 (Fla. 2004)).

A material breach occurs only when an injured party has sustained a substantial injury due to the breach. *See U.S. ex rel. W.W. Gay Mech. Contractor, Inc. v. Walbridge Aldinger Co.,* 543 F. App'x 937, 940 (11th Cir. 2013). A plaintiff may recover damages that are a proximate result of the material breach. *Chipman v. Chonin*, 597 So.2d 363, 364 (Fla. 3d DCA 1992) (citation omitted). "In addition, in order to maintain an action for breach of contract, a claimant must also prove performance of its obligations under the contract. . . ." *American Moisture Control, Inc. v. Dynamic Building Restoration, LLC,* No. 6:06–cv–1908–Orl–28KRS, 2008 WL 4107131, at * 3 (M.D. Fla. Sept. 2, 2008) (citing *Rollins, Inc. v. Butland,* 951 So.2d 860, 876 (Fla. 2d DCA 2006)).

Here, Phawa's Complaint establishes that: (A) there was a valid contract as evidenced by the purchase orders, invoices, release and shipment of the avocados, and partial payment by Phawa (B) Marjaba breached the contract by failing to pay pursuant to the terms of the invoices; and (C) Plaintiff suffered damages as Marjaba owes Plaintiff a remaining balance of $93,116.50 for the purchase of avocados. *See* [ECF No. 1 ¶¶ 11, 26-34].

C) Summary

Based on the above, the Court finds that the well-pleaded allegations in Phawa's Complaint states a claim for a PACA Violation and Breach of Contract based on Marjaba's failure to pay in full, $185, 943.00, for roughly 80 tons of avocado that Defendant ordered and received from the Phawa. *See* [*id*.]. As Defendants are in default, they admit the well-pleaded allegations in Plaintiff's Complaint, and Plaintiff is entitled to final default judgment as to Counts I and II. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206.

D) Damages

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Robbie's of Key W. v. M/V Komedy III*, 470 F. Supp. 3d 1264, 1268 (S.D. Fla. 2020) (quoting *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). It is unnecessary to hold a hearing when entering a final default judgment, "if the damages are liquidated or ascertainable from documentary evidence or affidavits." *Shandong Airlines Co., Ltd. v. Capt, LLC,* 650 F.Supp.2d 1202, 1207 (M.D. Fla.2009) (citing *Directv*, *Inc. v. Griffin,* 290 F.Supp.2d 1340, 1343–44 (M.D. Fla. 2003)).

In this case, Phawa submitted an affidavit showing that it suffered $93,116.50 in liquidated damages as a result of the PACA Violation and Breach of Contract, and $464.50 in costs. [ECF No. 13-1 ¶¶ 7-8]. Accordingly, based on the record, the Court finds no need to have a hearing under Fed. R. Civ. P. Rule 55(b)(2), and the Undersigned recommends that Plaintiff be awarded a total sum of $93,581.00.

5

Finally, Plaintiff requests that the Court "reserve jurisdiction to enter an award of taxable costs, if applicable." [ECF No. 13 at 4]. Plaintiff, however, does not specify the amount of taxable costs that it seeks. Plaintiff should file a separate motion to recover any additional taxable costs, if any, in bringing this action, which must be supported by evidence showing that the amounts requested are reasonable.

### IV. Recommendations

Based on the foregoing, the Court **RECOMMENDS** that the Motion [ECF No. 13] be **GRANTED**, and that in accordance with Fed. R. Civ. P. 58, a final default judgment be entered in favor of Phawa as to Counts I and II against Marjaba for the liquidated damages amount of $93,116.50, and costs in the amount of $464.50, for a total amount of $93,581.00. It is further recommended that Plaintiff file a separate motion to recover any additional taxable costs, if any.

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**SIGNED** this 26th day of August, 2020.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:    Counsel for Plaintiff
Ronald C. Iacone, Jr.
Iacone Law, P.A.
2100 Ponce de Leon Blvd., Suite 760
Coral Gables, FL 33134
Email: ron@iaconelaw.com

Defendant
Marjaba Import & Export Corp.,
c/o Taxes USA LLC, Registered Agent
11402 NW 41st Street, Suite 211,
Doral, FL 33178