UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-22208-ALTMAN

**PHAWA, LLC**
*a Florida limited liability company*,

    *Plaintiff*,

v.

**MARJABA IMPORT & EXPORT CORP.**
*a Florida corporation*,

    *Defendant*.

_____/

## **ORDER**

The Plaintiff filed a Complaint [ECF No. 1], and the Defendant did not respond. The Plaintiff then filed a Motion for Default Judgment (the "Motion") [ECF No. 13], which the Court referred to Magistrate Judge Lisette M. Reid. Judge Reid issued a Report and Recommendation (the "R&R") [ECF No. 15], in which she determined that the Plaintiff is entitled to (1) a default judgment as to Counts I and II of the Complaint, (2) $93,116.50 in liquidated damages, and (3) $464.50 costs—for a total award of $93,581.00, *id.* at 6. She also warned the parties as follows:

> A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

*Id.* at 6. Despite this warning, the parties have not timely objected to Magistrate Judge Reid's R&R. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when no party has timely objected, "the

court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress' intent was to require *de novo* review only where objections have been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Court has reviewed the R&R, the record, and the applicable law, and can find no clear error on the face of the R&R. Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 15] is **ACCEPTED and ADOPTED**.

2. The Motion [ECF No. 13] is **GRANTED**. The Plaintiff is entitled to default Judgment as to Counts I and II of the Complaint. The Plaintiff is entitled to $93,116.50 in liquidated damages and $464.50 in costs—for a total award of $93,581.00, for which sum execution shall now issue.

3. The Court will enter final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure in a separate order.

4. The Clerk of the Court shall **CLOSE** this case. All other deadlines are **TERMINATED**, and all other pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Miami, Florida this 13th day of September 2021.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record